IN THE ST. LOUIS CITY CIRCUIT COURT
STATE OF MISSOURI

| | |
|---|---|
| BRANDON GRAHAM, individually and also on behalf of all similarly situated persons, )<br>Plaintiffs, )<br>vs. )<br>CIOX HEALTH, LLC, )<br>Defendant. )<br>Serve Registered Agent:<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, Missouri 65101 | Case No._____<br><br>Division No._____ |

## **PETITION**

For his petition against Defendant Ciox Health, LLC, Plaintiff Brandon Graham on his behalf and on behalf of all other persons similarly situated alleges and states as follows:

1. Plaintiff Brandon Graham is an adult resident and citizen of the United States, of the State of Missouri, and of St. Louis City.

2. Defendant Ciox Health, LLC, is a Georgia Limited Liability Company registered to do business in the State of Missouri with a registered agent located in Missouri.

3. Defendant is engaged in the business of storing, locating, retrieving, and selling medical records.

4. Defendant frequently charges excessive fees for medical records and for searches for medical records which fees and charges are not allowed by federal law.

1

5. Federal regulation 45 C.F.R. 524(c)(4) delineates the charges which may be assessed upon someone requesting medical records.

6. According to 45 C.F.R. 524(c)(4) a person may be charged for labor for copying, supplies for copying, postage, and an explanation or summary of protected health information if requested by the person.

7. According to 45 C.F.R. 524(c)(4), only the aforementioned charges may be made or levied and no other charges are allowed.

8. Ciox advertises that it obeys the Health Insurance Portability and Accountability Act of 1996 and its ancillary regulations.

9. 45 C.F.R. 524(c)(4) is one of the regulations enacted by the Federal Government under the Health Insurance Portability and Accountability Act of 1996.

10. Defendant Ciox frequently imposes and charges fees and charges for medical records search, retrieval, and production which violate 45 C.F.R. 524(c)(4).

11. In 2017, Plaintiff Brandon Graham requested medical records from Defendant Ciox.

12. Defendant Ciox billed Plaintiff Brandon Graham a "basic fee of $24.85" but produced no medical records.

13. Plaintiff Brandon Graham paid the $24.85 charge with the wrongful transaction taking place in St. Louis City, with the damage and harm occurring in St. Louis City, and with the Plaintiff living in St. Louis City.

14. 45 C.F.R. 524(c)(4) does not allow any such charge as a "basic fee".

15. On information and belief, Defendant Ciox customarily and frequently charges a "basic fee" when a request for records is made but no records are found and this charge violates 45 C.F.R. 524(c)(4).

16. As a business associate of hospitals and health care providers, Ciox is subject to HIPPA, its attendant regulations and 45 C.F.R. 524(c)(4).

17. Defendant Ciox has received complaints about its illegal billing practices and has been sued for them in the past but Ciox continues its illegal billing practices.

18. Defendant Ciox knows that it's billing of a "basic fee" when no records are found violates 45 C.F.R. 524(c)(4).

19. Plaintiff brings this action as a class action pursuant to Supreme Court Rule 52.08.

20. For Counts 1 and 2, Plaintiff proposes the class consists ("Nationwide Class") of all persons who were charged a fee for non-production of medical records by Defendant Ciox or its predecessors in interest from January 18, 2013, to date, but the class does not include the Judge, the Judge's immediate family, the Judge's staff and their immediate family, and defense counsel and its immediate family.

21. For Count 3, Plaintiff proposes the class ("Nationwide Class") consists of all persons who requested records from a Missouri located medical provider who were charged a fee for non-production of medical records by Defendant Ciox or its predecessors in interest from January 18, 2013, to date, but the class does not include the Judge, the Judge's immediate family, the Judge's staff and their immediate family, and defense counsel and its immediate family.

Electronically Filed - City of St. Louis - January 08, 2018 - 03:14 PM

22.     On information and belief, the element of numerousity is established since hundreds if not thousands of persons, nationwide and for Missouri records have been charged a fee for non production of medical records by Defendant Ciox or its predecessors in interest.

23.     The claims of the class members for the Nationwide Class and the Missouri Class are essentially identical with common and identical issues of fact and law including:

A.      Are the fees charged by Ciox for non-production of medical records forbidden or allowed by 45 C.F.R. 524(c)(4);

B.      Are the class members entitled to monetary damages for Ciox's charge for non-production of documents?

C.      Has Ciox been unjustly enriched by its charge for non-production of documents;

D.      Is Ciox liable for money had and received by its charge and collection of the charge for non-production of documents?

E.      Are the class members entitled to recover under this class action for paying Ciox's charge for non-production of documents.

F.      Is the Missouri Merchandising Practices Act violated by Defendant charging a fee but finding and producing no documents.

24.     The claims of the named Plaintiff and of the class are essentially identical, without any special defenses or claims for or against the named Plaintiff, the named Plaintiff's interests are aligned with those of the class, so the named Plaintiff's claims are typical of the class.

25.     The claims of the named Plaintiff is essentially identical to the claims of the class and the interests of the named Plaintiff is aligned with that of the interests of the class so the named Plaintiff will fairly and adequately protect and assert the interests of the class.

4

Electronically Filed - City of St. Louis - January 08, 2018 - 03:14 PM

26. The undersigned counsel and his law firm are experienced and have been successful in many cases and class actions filed in Missouri courts.

27. Failing to certify the class(es) and allowing separate cases on the pled matters to proceed will create a risk of incompatible standards of conduct for Defendant since Plaintiff is seeking an injunction to bar Defendant from charging for non-production of medical records. It is possible that one court could enjoin Defendant from charging for non-production of medical records and another court could (mistakenly) allow it.

28. Adjudications of individual lawsuits would, as a practical matter, be dispositive of the interests of the other members of the proposed class(es) and would substantially impair or impede their ability to protect their own interests. It is possible that one court could (mistakenly) allow Defendant to charge for non-production of documents which could effectively foreclose relief to the proposed class(es).

29. Defendant has acted commonly and consistently against the proposed class(es) thereby making injunctive and declaratory relief for the proposed class proper.

30. The issues of law and fact for the claims against Defendant are essentially identical so the issues or law and fact common to the class predominate over any issues which affect only individual members of the class(es).

31. The individual members of the class do not have any interest or substantial interest in controlling the prosecution of a claim or lawsuit separate from this proposed class action.

32. On information and belief, there is no other litigation on the claims set forth in the petition against Defendant by members of the class(es).

33. It is desirable to have one class action determine the claims of the class set forth in this petition rather than have many separate actions over the same facts and legal issues.

34. There are no difficulties in adjudicating the pled claims as a class action since the legal issues are identical among the class and the damages are set forth in business records of the Defendant.

35. A class actions a superior means of determining the legal claims set forth in this petition rather than individual lawsuits by the class members.

36. The number of class members is so numerous that joinder of all members is impractical.

## COUNT 1

## UNJUST ENRICHMENT

37. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-36.

38. The excessive and unauthorized "basic fee" billed by Ciox for non-production of documents by Defendant was illegal.

39. Defendant knew or should have known that the "basic fee" or fees for non-production of documents it was charging were illegal.

40. It is unlawful, inequitable, and unjust for Defendant to collect or retain any unauthorized or illegal fees Defendant charged or received.

41. Plaintiff and the Plaintiff Class conferred a benefit upon Defendant by paying the "basic fee" or fee for non-production of documents.

42. Defendant demanded, accepted, and retained the "basic fee" or fee for non-production of documents paid by Plaintiff and by the Plaintiff Class.

Electronically Filed - City of St. Louis - January 08, 2018 - 03:14 PM

43. Because the imposition, acceptance, and retention of the "basic fee" or fee for non-production of documents from Plaintiff and the Plaintiff Class was illegal, it would be unjust for Defendant to retain any of the excessive court cost fees collected by Defendant.

44. All conditions precedent to Plaintiff and the Plaintiff Class bringing and prevailing on this claim have been satisfied.

WHEREFORE, Plaintiff and the Plaintiff Class respectfully ask this Court to certify the Plaintiff Class, to enter judgment for the Plaintiff and the Plaintiff Class, to award each member of the Plaintiff Class actual damages which are fair and reasonable, and to award each member of the Plaintiff Class the amount in "basic fee" or fees for non-production of documents each member paid, to award prejudgment interest at the statutory rate of 9% per annum, for the award of taxable court costs, and for any other relief deemed just.

## COUNT 2

### (MONEY HAD AND RECEIVED)

45. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-44.

46. The "basic fee" and fees for non-production of documents charged and received by Defendant are monies which in good conscience and equity should be repaid to Plaintiff and to the members of the Plaintiff Class.

47. Defendant's conduct in charging, receiving, and retaining the "basic fee" or fee for non-production of documents was malicious, corrupt, intentionally wrong, or reckless to a degree justifying the imposition of punitive damages.

48. All conditions precedent to Plaintiff and the Plaintiff Class bringing and prevailing on this claim has been satisfied.

WHEREFORE, Plaintiff and the Plaintiff Class respectfully ask this Court to certify the Plaintiff Class, to enter judgment for the Plaintiff and the Plaintiff Class, to award each member of the Plaintiff Class actual damages which are fair and reasonable, and to award each member of the Plaintiff Class the amount in "basic fee" or fees for non-production of documents each member paid, to award prejudgment interest at the statutory rate of 9% per annum, to award punitive damages to the Plaintiff Class in an amount which is fair and reasonable, for the award of taxable court costs, and for any other relief deemed just.

### COUNT 3
### (MERCHANDISING PRACTICES ACT)

49. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-48.

50. Defendant is a municipal corporation subject to the Missouri Merchandising Practices Act.

51. Defendant charged the excessive court cost fees for court services.

52. Defendant's charging, collection, receipt, and retention of the excessive court cost fees was misleading, and constituted deception, fraud, false pretense, false promise, misrepresentation, unfair practice of the concealment, suppression, or omission of a material fact.

53. The excessive court cost fee is illegal and prohibited by state law and the rules of the Supreme Court, and is collected by duress and coercion.

54. All conditions precedent to Plaintiff and the Plaintiff Class bringing and prevailing on this claim have been satisfied.

WHEREFORE, Plaintiff and the Plaintiff Class respectfully ask this Court to certify the Plaintiff Class, to enter judgment for the Plaintiff and the Plaintiff Class, to award each member of the Plaintiff Class actual damages which are fair and reasonable, and to award each member of the Plaintiff Class the amount in excessive court cost fees each member paid, to award

Electronically Filed - City of St. Louis - January 08, 2018 - 03:14 PM

prejudgment interest at the statutory rate of 9% per annum, to award punitive damages to the Plaintiff Class in an amount which is fair and reasonable, for the award of taxable court costs, for the award of reasonable attorney fees incurred in prosecuting this action, and for any other relief deemed just.

## COUNT 4
## (INJUNCTION)

55. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-54.

56. Defendant should be enjoined from any further charging of fees for the non-production of documents.

57. The balance of the equities favors the issuance of this injunction.

58. Pleading in the alternative, Plaintiff states he has no adequate remedy at law.

59. Without an injunction, Plaintiff and the Class(es) will suffer irreparable harm.

60. Failing to issue the sought injunction will cause irreparable harm to Plaintiff the Class(es) and the public.

61. All conditions precedent to Plaintiff bringing and prevailing on this claim have been satisfied.

Respectfully submitted,

SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
Robert Schultz, #35329MO
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

9