UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON GRAHAM, Individually and also on behalf of all similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:18 CV 266 RWS |
| CIOX HEALTH, LLC and SSM HEALTH CARE ST. LOUIS, | ) ) ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

In this proposed class action lawsuit, Plaintiff Brandon Graham alleges that Defendants CIOX Health, LLC and SSM Health Care St. Louis (collectively CIOX) violated the Missouri Merchandising Practices Act by charging a fee to search for Graham's medical records covering a specified time period. CIOX asserts that the fee was permitted even though the search revealed that no records existed for that time period. CIOX filed a motion to dismiss for a failure to state a claim. Because the search fee was permitted by statute, I will grant CIOX's motion to dismiss.

*Background*

Defendant CIOX Health, LLC is a company in the business of locating and retrieving medical records. Defendant SSM Health Care St. Louis owns and operates

St. Mary's Hospital located in Richmond Heights, Missouri. St. Mary's Hospital retained CIOX to fulfill medical records requests. On October 31, 2017, Graham's attorney sent St. Mary's Hospital a letter requesting Graham's medical records between July 10, 2017 and October 25, 2017. On November 24, 2017, CIOX sent a response letter stating that the hospital's records showed that Graham did not receive services from St. Mary's Hospital in that time frame. CIOX billed Graham's attorney a "Basic Fee" of $24.85, a "Retrieval Fee" of $0, and a copying fee of $0. Graham paid the $24.85 fee charge.

Graham's alleges in his amended complaint that Missouri's medical records statute, § 191.227 R.S.Mo. (2017), does not permit any charge as a "basic fee" for a medical records request when no records are found. Graham asserts a claim under the Missouri Merchandising Practices Act, § 407.010 et seq., based on CIOX's alleged violation of § 191.227 R.S.Mo. Graham also asserts a claim for injunctive relief. Graham seeks to certify a class of all persons who requested medical records from a Missouri medical provider and who were charged a fee by CIOX even though no responsive medical records were found.

CIOX moved to dismiss this case arguing that § 191.227 R.S.Mo. permits the a basic fee to cover the cost of the search for documents.[1]

---

[1] Graham argues in his opposition brief the CIOX's motion to dismiss should be converted to a motion for summary judgment because CIOX attached three exhibits to its brief in support. The

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

*Discussion*

Missouri's medical records statute requires medical service providers to furnish health care records to patients upon their written request. The statute also permits the providers to collect specified fees for this service. The relevant sections of § 191.227 provides:

> 1. All physicians, chiropractors, hospitals, dentists, and other duly licensed practitioners in this state, herein called "providers", shall, upon written request of a patient, or guardian or legally authorized

---

exhibits were Graham's attorney's request for the medical records, CIOX's response letter, and CIOX's invoice for the search. All three of these documents are embraced by Graham's amended complaint. As a result, they are not deemed to be matters outside of the pleading which would require the motion to be treated as a motion for summary judgment. Zean v. Fairview Health Services, 858 F.3d 520, 526 (8th Cir. 2017).

representative of a patient, **furnish a copy of his or her record of that patient's health history and treatment** rendered to the person submitting a written request, except that such right shall be limited to access consistent with the patient's condition and sound therapeutic treatment as determined by the provider. Beginning August 28, 1994, such record shall be furnished within a reasonable time of the receipt of the request therefor and upon payment of a fee as provided in this section.

2. Health care **providers may condition the furnishing of the patient's health care records to the patient**, the patient's authorized representative or any other person or entity authorized by law to obtain or reproduce such records **upon payment of a fee** for:

(1)(a) **Search and retrieval, in an amount not more than twenty-four dollars and eighty-five cents** plus copying in the amount of fifty-seven cents per page for the cost of supplies and labor plus, if the health care provider has contracted for off-site records storage and management, any additional labor costs of outside storage retrieval, not to exceed twenty-three dollars and twenty-six cents, as adjusted annually pursuant to subsection 5 of this section; or

(b) The records shall be furnished electronically **upon payment of the search, retrieval, and copying fees set under this section** at the time of the request or one hundred eight dollars and eighty-eight cents total, whichever is less, if such person:

§ 191.227 R.S.Mo. (emphasis added)

Graham argues that the ability to collect fee for the search and retrieval under § 191.227.2(1)(a) is modified by the preceding paragraph of the statute. He asserts that the language "providers may condition the furnishing of the patient's health care records to the patient … upon payment of a fee" in § 191.227.2 authorizes the charge of a fee only when a provider's records actually uncovers health care records for a

patient and those records are furnished to the patient.

This reading of the statute fails to take into account the mandatory requirement in § 191.227.1 that providers must furnish "a copy of his or her record of that patient's health history." When a provider receives a medical records request the provider must search their own records to discover whether any images, treatment documents, medical notes, or other medical information exists regarding the patient. Providers are required to search their records any time a medical records request is made regardless of what the search uncovers. Fees are allowed for the search and retrieval of the records. Additional fees may be charged for copying any records that are found, off-site records storage retrieval, postage, and notary fees. Providers must furnish the results of their record search along with any information found to the requester "within a reasonable time of the receipt of the request therefor and upon payment of a fee as provided in this section." § 191.227.1.

The statute allows a $24.85 fee to be collected for the search and retrieval of the provider's records in § 191.227.2(1)(a). The plain language of the statute permits the charge of this fee. State ex rel. SSM Health Care St. Louis v. Neill, 78 S.W.3d 140, 144 (Mo. 2002) ("When interpreting a statute [a court] is required to give meaning to every word of the legislative enactment."). The text of the statute that refers to "search, retrieval, and copying fees" in § 191.227.2(1)(b) establishes that

5

these fees are separate and distinct and that a fee solely for a search is permissible. It is undisputed that CIOX conducted a search of its records to comply with Graham's request and sent Graham the information found in its records. St. Mary's Hospital's records did not uncover any treatment records for Graham, nonetheless, CIOX was permitted to charge the basic fee of $24.85 to for the search of its records.

Because CIOX did not violate Missouri law by charging Graham a search fee, CIOX did not violate the Missouri Merchandising Practices Act. As a result, I will grant CIOX's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants CIOX Health, LLC and SSM Health Care St. Louis' motion to dismiss [15] is **GRANTED**.

**IT IS FURTHER ORDERED that** Intervenors Lynn Henderson, Espire Concepcion, Tyrone Green-Smith, and Antonio Jones' motion to intervene [25] is **DENIED**.[2]

                                   _/s/ Rodney W. Sippel_
                                   RODNEY W. SIPPEL
                                   UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2018.

---

[2] Intervenors are prospective class action plaintiffs in a lawsuit pending in Missouri state court. They sought to intervene in this case and either have the case stayed or dismissed under an abstention doctrine.